IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TALATHA SHERRILL<br>2714 Greene Road<br>Baldwin, Maryland 21013<br>Baltimore County | * <br> * <br> * | COMPLAINT AND<br>JURY DEMAND |
| Plaintiff, | * | |
| v. | * | |
| DEPUTY JOSEPH CUNNINGHAM<br>in his official capacity as a police officer for the<br>Cecil County Sheriff's Office, and in his personal capacity<br>107 Chesapeake Blvd<br>Elkton, Maryland 21921<br>Cecil County | * <br> * <br> * <br> * | |
| CORPORAL JONATHAN PRISTASH<br>in his official capacity as a police officer for the<br>Cecil County Sheriff's Office, and in his personal capacity<br>107 Chesapeake Blvd<br>Elkton, Maryland 21921<br>Cecil County | * <br> * <br> * <br> * | |
| SHERIFF SCOTT ADAMS<br>in his official capacity as a police officer for the<br>Cecil County Sheriff's Office, and in his personal capacity<br>107 Chesapeake Blvd<br>Elkton, Maryland 21921<br>Cecil County | * <br> * <br> * <br> * | |
| CECIL COUNTY SHERIFF'S OFFICE<br>107 Chesapeake Blvd<br>Elkton, Maryland 21921<br>Cecil County<br>　　　　Serve on:　Scott A. Adams, Sheriff<br>　　　　　　　　　Cecil County Sheriff's Office<br>　　　　　　　　　107 Chesapeake Blvd, Suite 112<br>　　　　　　　　　Elkton, MD 21921 | * <br> * <br> * <br> * <br> * | |
| CECIL COUNTY, MARYLAND<br>200 Chesapeake Blvd<br>Elkton, MD 21921 | * | |

| | |
|---|---|
| Cecil County | * |
|     Serve on:    Dr. Alan McCarthy, County Executive<br>                      Cecil County<br>                      200 Chesapeake Blvd, Suite 2100<br>                      Elkton, MD 21921 | *<br>*<br>*<br>* |
|            Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW, Plaintiff Talatha Sherrill, by and through her attorneys, Tiffani S. Collins, Esquire, Jason G. Downs, Esquire and Downs Collins, P.A., filing this complaint against Defendants Joseph Cunningham ("Defendant Cunningham"), Jonathan Pristash ("Defendant Pristash"), Scott Adams ("Defendant Adams"), Cecil County Sheriff's Office ("Defendant Sheriff's Office"), and Cecil County, Maryland ("Defendant Cecil County") (collectively, "Defendants").

## NATURE OF THE CASE

1. This civil action is brought under 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the U.S. Constitution, and the Americans with Disabilities Act 42 U.S.C. §§ 12101.

2. This civil action seeks money damages for the unlawful stop, frisk, search, and arrest of Plaintiff Talatha Sherrill, wherein she was subjected to excessive force and denied the benefits of the services, programs, or activities of Defendant Sheriff's Office and Defendant Cecil County, and subjected to discrimination by such entities.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the claims in this complaint under 28 U.S.C. §§1331 and 1343(a).

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

4. The venue in this court is proper under 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a 42-year-old, African-American woman with a dwarfism disability, standing at four feet and six inches tall. At all times relevant to this Complaint, Plaintiff was a resident of Harford County, Maryland.

6. At all times relevant to this Complaint, Joseph Cunningham was a Deputy First Class with the Cecil County Sheriff's Office, acting under color of law as a police officer and within the scope of his employment with Defendants Cecil County and Sheriff's Office. He is being sued in his official capacity as a police officer for the Cecil County Sheriff's Office and in his personal capacity.

7. At all times relevant to this Complaint, Jonathan Pristash was a Corporal with the Cecil County Sheriff's Office acting under color of law as a police officer and within the scope of his employment with Defendants Cecil County and Sheriff's Office. He is being sued in his official capacity as a police officer for the Cecil County Sheriff's Office and in his personal capacity.

8. At all times relevant to this Complaint, the Cecil County Sheriff's Office was a municipal agency of Cecil County, Maryland and a public entity.

9. At all times relevant to this Complaint, Cecil County was a municipal government located in Cecil County, Maryland and a public entity.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

10. On or about January 14, 2016, Plaintiff was a seat belted driver, carefully and prudently, operating her vehicle on Susquehanna River Road in Cecil County, Maryland.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

11. At all times relevant hereto, Plaintiff was employed as a mental health therapist and, during the occurrence in question, Plaintiff was traveling to her residence in Harford County, Maryland after having just visited several patients located in Cecil County, Maryland.

12. At the same time and place, Defendant Cunningham, was seated in the driver's seat of his marked police vehicle. Plaintiff made eye contact with Defendant Cunningham and continued driving.

13. After Plaintiff passed Defendant Cunningham's vehicle, Defendant Cunningham proceeded to pull out from is stationary position and follow Plaintiff s' vehicle.

14. At approximately 8:27 p.m., Defendant Cunningham activated his lights and sirens.

15. In response to Defendant Cunningham's signals, Plaintiff pulled her vehicle over on Susquehanna River Road. At time of this traffic stop, it was dark outside and this area of Susquehanna River Road is poorly lit.

16. Plaintiff immediately retrieved her license and registration in preparation for this traffic stop.

17. Defendant Cunningham exited his vehicle and approached the driver's side window of Plaintiff's vehicle.

18. Plaintiff's driver side window had been partially rolled down prior to Defendant Cunningham approaching it.

19. Plaintiff attempted to hand her driver's license and registration to Defendant Cunningham through the window.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

20. Defendant Cunningham shoved Plaintiff's hand, which was holding her license and registration, and used profanity while aggressively demanding that Plaintiff completely roll down her window completely.

21. Defendant Cunningham continued the use of profanity while demanding that Plaintiff roll down her window completely and Plaintiff politely declined to roll down the window completely, but , instead, Plaintiff continued to offer her license and registration to Defendant Cunningham through the partially rolled down window. Defendant Cunningham refused to accept Plaintiff's license and registration through the partially rolled down window.

22. Defendant Cunningham, then, took a step back from Plaintiff's vehicle and began putting on gloves. Defendant Cunningham then retrieved a tool that Plaintiff believed would be used to break her window.

23. Plaintiff, fearful of Defendant Cunningham's aggressive nature and the surrounding circumstances, pulled away from the scene.

24. Plaintiff drove her vehicle, at or below the speed limit, heading toward a nearby Royal Farms where the area was believed to be well-lit.

25. Prior to arriving at the Royal Farms, Defendant Pristash cut in front of Plaintiff's vehicle as she drove.

26. Plaintiff came to a full and complete stop and put her vehicle into park.

27. Immediately, Defendants Pristash and Cunningham approached her vehicle, aggressively pulled open Plaintiff's driver's side door, forcibly removed Plaintiff from her vehicle and violently threw her face down on the concrete.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

28. As Plaintiff, four feet and six inches tall and one hundred and twenty pounds, lay helplessly on the ground and in fear of her life, Defendants Pristash and Cunningham, then, viciously jerked Plaintiff's arms behind her back and handcuffed her.

29. At the same time and place, Defendants Pristash and Cunningham did not have a particularized or objective suspicion that Plaintiff was armed and dangerous nor did they have probable cause that she had committed any crime.

30. Defendants Pristash and Cunningham, then, unlawfully searched Plaintiff's person. This search yielded nothing illegal.

31. At the time that Defendants Pristash and Cunningham unlawfully searched Plaintiff, they neither had a particularized or objective suspicion that Plaintiff was armed and dangerous nor did they have probable cause that she had committed any crime.

32. Defendants Pristash and Cunningham, along with several other officers, participated in the unlawful search of Plaintiff's vehicle, where officers threw Plaintiff's personal items about the car and the ground. This search of Plaintiff's vehicle yielded nothing illegal.

33. At the time when Defendant Pristash and Cunningham participated in the search of Plaintiff's vehicle, there was no lawful basis for officers to search her vehicle, officers did not have probable cause to believe that Plaintiff had committed any crime nor did any exception to the Fourth Amendment's warrant requirement apply.

34. Nevertheless, Defendants Pristash and Cunningham arrested Plaintiff and charged her with various criminal and traffic offenses in Cecil County District Court, case number 2K00075049. After an appeal, the State entered a nolle prosequi to all charges against Plaintiff in Cecil County Circuit Court, case number 07-K-16-000864.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

-
-
-

35. At the time that Defendants Pristash and Cunningham encountered Plaintiff, the law established that law enforcement officers shall not stop citizens without reasonable suspicion of criminal activity, shall not frisk citizens without reasonable suspicion of criminal activity, shall not search citizens or their property without probable cause or an exception to the warrant requirement, and shall not use excessive force in detaining, arresting citizens or handcuffing citizens.

36. As a direct and proximate result of the tremendous amount of force used by Defendants Pristash and Cunningham in pulling Plaintiff out of the car, throwing her to the ground, and arresting her, she suffered a fractured right elbow, neck strain, lower back strain, and facial swelling and bruising.

37. Upon information and belief, Defendants Pristash and Cunningham did not have adequate training on the legal standards applicable to stop and frisks, traffic stops, or the use of force.

38. Upon information and belief, Defendants Scott, Sheriff's Office, and Cecil County did not reasonably modify its law enforcement policies, including its use of force policy, to reflect encountering persons with disabilities such as dwarfism.

39. It was foreseeable that Defendants Pristash and Cunningham would illegally stop and frisk citizens, like Plaintiff, without proper training on the legal standards applicable to stops and frisks or modified training for encountering people with disabilities such as dwarfism.

40. As a direct, foreseeable and proximate result of the Defendants' foregoing acts and omissions, Plaintiff suffered physical and mental injuries, physical and economic damages and other losses, without limitation to lost wages and benefits, emotional distress, acute stress disorder, a fractured right elbow, neck strain, lower back strain, and facial swelling and

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

bruising. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

## COUNT I
Unlawful Search and Seizure
42 U.S.C. §1983
Plaintiff Sherrill v. Defendants Cunningham and Pristash

41. Plaintiff refers to, and incorporates by reference, all of the preceding and subsequent paragraphs as if fully set forth herein.

42. Plaintiff has a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable stops, frisks, searches, and seizures.

43. Defendants Cunningham and Pristash violated Plaintiff's right to be free from unreasonable seizures by stopping Plaintiff without reasonable suspicion that Plaintiff was committing or had committed a crime.

44. Defendants Cunningham and Pristash violated Plaintiff's right to be free from unreasonable intrusions by frisking Plaintiff without reasonable suspicion that Plaintiff was armed and dangerous.

45. Defendants Cunningham and Pristash violated Plaintiff's right to be free from unreasonable searches by searching Plaintiff without probable cause that she had committed a crime.

46. Defendants Cunningham and Pristash violated Plaintiff's right to be free from unreasonable seizures by arresting Plaintiff without a warrant or probable cause that she had committed a crime.

47. No reasonable police officer would have believed an exception to the warrant requirement was applicable under these circumstances.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

48. The acts and omissions of Defendants Cunningham and Pristash, as described herein, violated Plaintiff's clearly established rights of which a reasonable person in Defendants Cunningham and Pristash's position knew or should have known.

49. Defendants Cunningham and Pristash's actions, as described herein, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

50. As a proximate result of the violations alleged hereinabove, Plaintiff has suffered damages as heretofore alleged.

## COUNT II
Excessive Force
42 U.S.C. §1983
Plaintiff Sherrill v. Defendants Cunningham and Pristash

51. Plaintiff refers to, and incorporates by reference, all of the preceding and subsequent paragraphs as if fully set forth herein.

52. Plaintiff has a constitutional right under the Fourth Amendment to the United States Constitution to be free from, to be secure in her person and to maintain her bodily integrity against unreasonable assaults of her person and excessive force.

53. Plaintiff has a constitutionally protected liberty interest under the Fourteenth Amendment in personal security, bodily integrity and freedom from unjustified intrusions on personal security, including bodily restraint and punishment without due process of law.

54. Defendants Cunningham and Pristash violated Plaintiff's rights under the Fourth Amendment and Fourteenth Amendment by using unjustified and unreasonable force against her.

55. Defendants Cunningham and Pristash's conduct in physically seizing and yanking Plaintiff out of the car, throwing her to the ground, and handcuffing her unlawfully subjected her to excessive, unreasonable, and unnecessary physical force.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

56.     Defendants Cunningham and Pristahs's actions, as described herein, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

57.     The acts and omissions of Defendants Cunningham and Pristash, described herein, violated Plaintiff's clearly established rights, which reasonable people in Defendants Cunningham and Pristash's position knew or should have known.

58.     Defendants Cunningham and Pristash's actions, as described above, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

59.     As a direct and proximate result of the violations alleged hereinabove, Plaintiff has suffered damages as heretofore alleged.

## COUNT III
Discrimination in Violation of Title II of the Americans with Disabilities Act
42 .S.C. §1983
Plaintiff Sherrill v. Defendants Cunningham and Pristash

60.     Plaintiff refers to, and incorporates by reference, all of the preceding and subsequent paragraphs as if fully set forth herein.

61.     Effective January 26, 1992, Plaintiff was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

62.     Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.

63.     Plaintiff was ,at all times relevant herein, a qualified individual with a disability as therein defined.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

64. Defendants Cecil County and Sheriff's Office were, at all times relevant herein, public entities as therein defined.

65. Defendants County and Sheriff's Office have failed in their responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that law enforcement services are provided on an equal basis to persons with dwarfism and free of hostility toward their disability.

66. Defendants County and Sheriff's Office have further failed in their responsibilities under Title II to provide reasonably modified law enforcement and use of force policies for persons with disabilities, including dwarfism.

67. As a direct and proximate result of Defendants Cecil County and Sheriff's Office's failure to comply with their duties under Title II, Plaintiff has suffered damages including special and general damages according to proof.

**COUNT IV**
Violation of § 504 of the Rehabilitation Act of 1973
42 U.S.C. §1983
Plaintiff Sherrill v. Defendants County and Sheriff's Office

68. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

69. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"), and the regulations promulgated thereunder prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under, any program or activity receiving Federal financial assistance.

70. Upon information and belief, Defendants County and Sheriff's Office have been, at all relevant times, the recipient of federal financial assistance. Upon further information and

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

belief, in fiscal year 2016, Defendant Cecil County received more than $980,000.00 in federal grants.

71. Defendant Cecil County and Sheriff's Office agents, servants, and/or employees provide law enforcement services. These law enforcement services are programs or activities covered by § 504.

72. Plaintiff was, at all times relevant herein, a qualified individual with a disability as therein defined.

73. Defendants Cecil County and Sheriff's Office have violated Plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder by its actions or inactions in denying equal access to reasonable law enforcement services, and by subjecting Plaintiff to unequal treatment, by including failing to ensure that law enforcement services are provided on an equal basis to persons with dwarfism and free of hostility toward their disability, and by failing to provide reasonably modified law enforcement and use of force policies for persons with disabilities, including dwarfism.

74. As a result of Defendant Cecil County and Sheriff's Office's failure to comply with their duties under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the regulations promulgated thereunder, Plaintiff has suffered damages heretofore alleged including special and general damages according to proof.

### COUNT V
Negligent Hiring, Training, Retention, and Supervision
Plaintiff Sherrill v. Defendants County and Sheriff's Office

75. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

76. Defendants Cecil County and Sheriff's Office knew or should have known that

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

Defendants Cunningham and Pristash were unfit for their duties.

77. Defendants Cecil County and Sheriff's Office knew or should have known that Defendants Cunningham and Pristash would come into contact with the public. By virtue of Defendants Cecil County and Sheriff's Office's negligent hiring, training, retention, and supervision, the risk that Defendants Cunningham and Pristash would violate the constitutional rights of Plaintiff was foreseeable.

78. As a direct and proximate result of Defendants County and Sheriff's Office's negligence, Plaintiff has suffered damages as heretofore alleged.

**COUNT VII**
Negligence
Plaintiff Sherrill v. All Defendants

79. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

80. Defendants Cunningham and Pristash owed Plaintiff a duty to exercise due care, when encountering citizens such as Plaintiff, to avoid causing physical or mental injury.

81. Defendants Cunningham and Pristash, serving as agents, servants, and/or employees of Defendants Cecil County and Sheriff's Office, breached these duties by, among other things, forcibly yanking Plaintiff out of her car, throwing her to the ground, and handcuffing her.

82. As a direct and proximate result of these acts and omissions, Plaintiff has suffered damages as heretofore alleged.

83. Defendants' negligence proximately caused the injuries that Plaintiff sustained. All of Plaintiffs' injuries were caused solely by the negligence of Defendants without any contributory negligence by Plaintiff.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

## COUNT VII
Gross Negligence
Plaintiff Sherrill v. All Defendants

84. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

85. Defendants Cunningham and Pristash, serving as agents, servants, and/or employees of Defendants County and Sheriff's Office, engaged in intentional, willful, and wanton misconduct with a reckless disregard for human life as well as the Plaintiff's rights. They inflicted bodily injury upon Plaintiff with utter indifference when Defendants Cunningham and Pristash forcibly yanked Plaintiff from her car, threw her to the ground, and handcuffed her.

86. Defendants Cunningham and Pristash's conduct lacked legal justification and was motivated by ill will and actual malice.

87. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered damages as heretofore alleged.

## COUNT VI
Malicious Prosecution
Plaintiff Sherrill v. All Defendants

88. Plaintiff refers to, and incorporates by reference, all of the preceding and subsequent paragraphs as if fully set forth herein.

89. Defendants Cunningham and Pristash, serving as agents, servants, and/or employees of Defendants County and Sheriff's Office maliciously and without probable cause, instituted and/or continued a criminal proceeding against Plaintiff in Cecil County District Court case number 2K00075049. Defendants Cunningham and Pristash made materially false statements and omitted material facts, thereby demonstrating ill will and improper motive.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

90. This case was resolved in Plaintiff's favor. Specifically, after an appeal, the State entered a nolle prosequi to all charges against Plaintiff in Cecil County Circuit Court, case number 07-K-16-000864.

91. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered damages as heretofore alleged.

**COUNT VII**
Battery
Plaintiff Sherrill v. All Defendants

92. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

93. Defendants Cunningham and Pristash, serving as agents, servants, and/or employees of Defendants County and Sheriff's Office, maliciously, with ill will, and without any legal rationale intended to harm Plaintiff when they employed excessive force, arrested, detained, and searched Plaintiff.

94. Plaintiff in no way consented to the described contact by Defendants Cunningham and Pristash; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendants Cunningham and Pristash to act the way they did; and did nothing to contribute to the unlawful touching that Defendants Cunningham and Pristash inflicted upon her.

95. As a result of these acts, Plaintiff sustained injuries including, but not limited to, a fractured right elbow, neck strain, lower back strain, facial swelling and bruising, and the damages heretofore alleged.

**COUNT VII**
Intentional Infliction of Emotional Distress
Plaintiff Sherrill v. All Defendants

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

96. Plaintiff refers to, and incorporates by reference, all the preceding and subsequent paragraphs as if fully set forth herein.

97. Defendants Cunningham and Pristash's conduct in yanking Plaintiff out of her car, throwing her to the ground, arresting her, restraining her freedom, causing her to be incarcerated, and or initiating criminal proceedings against her was intentional or reckless.

98. The conduct alleged herein was extreme and outrageous.

99. Defendants were serving as agents, servants, and/or employees of Defendants Cecil County and Sheriff's Office.

100. As a direct and proximate cause of Defendants Cunningham and Pristash's extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including, but not limited to, acute stress disorder.

## **RELIEF REQUESTED**

101. Enjoin Defendants from engaging in further misconduct described herein and direct it to take all affirmative steps necessary to properly train Cecil County Sheriff's Office officers and prevent additional instances of such conduct, including, but not limited to, the appropriate use of force on disabled persons, including persons with dwarfism.

102. An order and judgment awarding damages of ten million dollars ($10,000,000.00) for lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary, pre and post judgement interest, attorneys' fees, costs and expert fees, and further relief as the Court deems just and proper.

103. An order and judgment awarding punitive damages.

104. An order and judgment retaining jurisdiction over this action to assure full compliance with orders of the court.

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on each of her claims.

        Respectfully Submitted,
        DOWNS COLLINS, P.A.

        _____/s/_____
        Jason G. Downs, Esquire
        Bar No. 29575
        Tiffani S. Collins, Esquire
        Bar No. 29274
        20 South Charles Street, Suite 901
        Baltimore, Maryland 21201
        O: (410) 462-4529
        F: (443) 378-8948
        jason@downscollins.com
        *Attorneys for Plaintiff*

DOWNS COLLINS, P.A.
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (443) 378-8948